# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:20-CV-00177

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.

**BRETT R. BOWMAN,**

      **Defendant.**

## COMPLAINT

Plaintiff United States of America, by and through the United States Attorney for the Western District of North Carolina, on behalf of the United States Railroad Retirement Board ("USRRB"), hereby brings this civil action to recover damages and other monetary relief under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, and common law, and alleges:

## OVERVIEW

1. This is an action to recover damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729 et seq., and common law arising from Defendant Brett R. Bowman submitting false claims to the USRRB for unemployment insurance (UI) Benefits.

2. The USRRB is an independent agency in the Executive Branch of the United States Government, as defined in Title 18 U.S.C. § 6.

3. The USRRB administers comprehensive retirement, disability, survivor and unemployment/sickness benefit programs for the Nation's railroad workers and their families as

outlined under the Railroad Retirement Act, ("RRA") and Railroad Unemployment Insurance Acts ("RUIA"), 45 U.S.C. §§ 351 *et. seq*.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331, 1345, 1355, and 1395.

5. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §§ 1355, 1391, 1395 and 31 U.S.C. § 3732(a) because the Defendant Bowman can be found and resides in the Western District of North Carolina ("District"), and the acts alleged in the Complaint, in violation of the False Claims Act ("The Act") and common law, occurred within this District.

## PARTIES

6. Plaintiff is the United States of America ("the United States").

7. Defendant Brett R. Bowman resides in Connelly Springs, Caldwell County, North Carolina.

## FACTUAL ALLEGATIONS

8. From April 1, 2001 to October 23, 2017, Defendant Bowman was employed by CSX Transportation, also known as CSX Corporation, ("CSX") as a Welder Helper.

9. On October 23, 2017, Defendant Bowman was suspended from CSX employment.

10. Based upon his CSX employment Defendant Bowman was entitled to apply for USRRB UI Benefits.

11. On October 30, 2017, Defendant Bowman applied to the USRRB for UI Benefits by completing, certifying, and signing the Application for Unemployment Benefits and Employment Service (RRB Form UI-1), which provided in pertinent part, as follows:

> Before completing this application, read the section Instructions for Completing Application for Unemployment Benefits and Employment Service (Form UI-1) in

2

the UB-10 Booklet, which explains the information needed to answer questions on this application.

. . .

I certify that the information I have provide on this form is true, correct, and complete. I know that I must immediately report to the Railroad Retirement Board any changes which might affect my entitlement to benefits. I understand that disqualifications and civil and criminal penalties may be impose on me for false or fraudulent statements or claims or for withholding information to get benefits. I understand the requirements set forth in Booklet UB-10.

12. The USRRB Booklet UB-10, provides, in pertinent part, as follows:

To receive unemployment benefits you must:

**Be unemployed** and received no wages, salaries, and military reservist pay, pay for time lost, vacation pay . . . . Under certain conditions, part-time work does not affect entitlement to benefits. However, you must report all full-time and part-time work you perform to the RRB on each claim for benefits you file. The RRB will determine whether your pay is "subsidiary reimbursement" and whether benefits are payable for days on which you worked part-time [Page 3, Eligibility Requirements] . . .

**False or Fraudulent Claim --** You will be disqualified for both Unemployment and sickness benefits for 75 days if you make a false or fraudulent statement or claim in order to receive benefits. You may also be subject to fine and imprisonment. [Page 5, Disqualifications] . . .

**Subsidiary Reimbursement** is defined as – Earnings of not more than $15.00 a day from work which is substantially less than full-time and not consistent with the holding of normal full-time employment.

USRRB Booklet UB-10.

13. USRRB determined that Defendant Bowman was eligible for UI Benefits and accepted his claim.

14. In order to receive UI Benefits, Defendant Bowman was required to submit a USRRB Form UI-3, Claim for Unemployment Benefits, to USRRB every two weeks. Form UI-3 required Defendant Bowman to indicate whether he was employed or unemployed for each day in the two-week claim period. The Form UI-3 included separate questions asking whether Defendant

3

Bowman had worked for a non-railroad employer since his last day of railroad work or whether he had worked for any person or company on any day claimed. Finally, the Form UI-3 required Defendant Bowman to certify that the information on the form was true, correct, and complete.

15. On October 30, 2017 Defendant Bowman executed a USRRB form UI-35, field Office Record of Claimant Interview. Under section 6, question 9, Defendant Bowman certified that he was given a copy of booklet UB-10. Defendant Bowman also signed USRRB Form UI-35c, Claimant's Certification and Authorization Under the Railroad Unemployment Insurance Act, in which Defendant Bowman certified that: "Each time I register for benefits, I will report on my claim any PAYMENTS I receive, including, but not limited to: 1. Wages or vacation pay from any railroad or nonrailroad employment of any kind, including part-time and self-employment . . . ." Subsequently, Defendant Bowman applied for and received USRRB UI Benefits claiming he was unemployed and certifying that he was not receiving any other income.

16. While receiving USRRB UI Benefits and without informing USRRB, Defendant Bowman, on April 30, 2018, began working for American Roller Bearing ("ARB") Company and continued working there through December 31, 2018.

17. ARB Company records reflect that Defendant Bowman worked the following periods of time, for the stated number of hours, and received gross pay from ARB Company:

| Period Worked | Regular Hours Worked | Overtime Hours Worked | Holiday Pay | Gross Pay |
|---|---|---|---|---|
| 4/30/18-5/13/18 | 80.00 | | | $1,160.00 |
| 5/14/19-5/27/18 | 80.00 | | | $1,160.00 |
| 5/28/18-6/10/18 | 72.00 | | | $1,044.00 |
| 6/11/18-6/24/18 | 76.00 | | $25.00 bonus | $1,127.00 |

4

| Period Worked | Regular Hours Worked | Overtime Hours Worked | Holiday Pay | Gross Pay |
|---|---|---|---|---|
| 6/25/18-7/8/18 | 72.00 | 1.25 | 8.00 | $1,187.19 |
| 6/25/18- 7/8/18 | | | $89.82 bonus | $89.82 |
| 7/9/18-7/22/18 | 80.00 | .25 | | $1,165.44 |
| 7/23/18-8/5/18 | 68.50 | .75 | 8.00 | $1,125.56 |
| 8/6/18-8/19/18 | 72.25 | 4.75 | | $1,175.94 |
| 8/20/18-9/2/18 | 80.00 | 17.25 | | $1,535.19 |
| 9/3/18-9/16/18 | 72.00 | 13.75 | 8.00 | $1,459.06 |
| 9/17/18-9/30/18 | 76.00 | 22.50 | 4.00 | $1,649.38 |
| 10/1/18-10/14/18 | 80.00 | 14.50 | | $1,582.21 |
| 10/15/18-10/28/18 | 80.00 | 22.25 | | $1,762.98 |
| 10/29/18-11/11/18 | 80.00 | 16.50 | | $1,628.86 |
| 11/12/18-11/25/18 | 64.00 | 13.25 | 23.75 | $1,733.83 |
| 11/26/18-12/9/18- | 80.00 | 13.25 | | $1,553.06 |
| 12/10/18-12/23/18 | 80.00 | 12.50 | | $1,659.31 |
| 12/10/18-12/23/18 | | | $200.00 bonus | $200.00 |
| 12/24/18-1/6/19 | 48.00 | 10.75 | 34.75 holiday/ vacation and $64.13 addtl | $1,655.00 |
| 12/24/18-1/6/19 | | | $270.97 bonus | $270.97 |
| **Totals:** | **1,340.75** | **162.25** | **78.5 hours & $624.92 bonus pay** | **$25,924.80** |

18. During the time that Defendant Bowman was employed full-time at ARB Company, Defendant Bowman on twenty (20) separate occasions signed and electronically submitted Form UI-3 to USRRB seeking UI Benefits claiming he was unemployed as reflected in the chart below:

| Date Submitted | Period Claimed for Unemployment | Income Claimed Amount | Amount Paid by USRRB |
|---|---|---|---|
|  |  |  | $336.24 |
| 5/7/18 | 4/24/18 through 5/7/18 | $0.00 | $67.25 |
| 5/21/18 | 5/8/18 through 5/21/18 | $0.00 | $672.48 |
| 6/4/18 | 5/22/18 through 6/4/18 | $0.00 | $672.48 |
| 6/22/18 | 6/5/18 through 6/18/18 | $0.00 | $672.48 |
| 7/12/18 | 6/19/18 through 7/2/18 | $0.00 | $672.48 |
| 7/26/18 | 7/3/18 through 7/16/18 | $0.00 | $677.15 |
| 8/10/18 | 7/17/18 through 7/30/18 | $0.00 | $719.18 |
| 8/25/18 | 7/31/18 through 8/13/18 | $0.00 | $287.67 |
| 8/30/18 | 8/9/18 through 8/22/18 | $0.00 | $503.43 |
| 9/19/18 | 8/14/18 through 8/27/18 | $0.00 | $575.34 |
| 9/19/18 | 8/28/18 through 9/10/18 | $0.00 | $719.18 |
| 9/20/18 | 8/23/18 through 9/5/18 | $0.00 | $0.00 |
| 10/17/18 | 9/11/18 through 9/24/18 | $0.00 | $719.18 |
| 11/9/18 | 9/25/18 through 10/8/18 | $0.00 | $720.42 |
| 11/9/18 | 10/9/18 through 10/22/18 | $0.00 | $722.26 |
| 11/29/18 | 10/23/18 through 11/5/18 | $0.00 | $722.26 |
| 11/29/18 | 11/6/18 through 11/19/18 | $0.00 | $722.26 |
| 12/27/18 | 11/20/18 through 12/3/18 | $0.00 | $722.26 |
| 1/23/18 | 12/4/18 through 12/17/18 | $0.00 | $722.26 |
| 1/23/18 | 12/18/18 through 12/31/18 | $0.00 | $722.26 |
| **Total:** |  | **$0.00** | **$12,348.52** |

19. Each of the aforementioned twenty (20) Form UI-3 included certifications by Defendant Bowman that he had not worked for a non-railroad employer since his last day of railroad work and he had not worked for any person or company on any day claimed. On each of

the twenty (20) Form UI-3 Defendant Bowman certified that the information on the form was true, correct, and complete, when it was actually false and Defendant Bowman knew it was false.

20. During the time that Defendant Bowman received $12,348.52 in UI Benefits from the USRRB he also received $25,924.80 in compensation from ARB Company. During this time, Defendant Bowman did not inform USRRB that he was employed by ARB Company as he was required by USRRB Booklet UB-10, Form UI-3, and law to do. To the contrary, he made false statements denying his ARB Company employment.

21. Had USRRB known that Defendant Bowman's statements were false, it would not have distributed UI Benefits to Defendant Bowman.

22. Defendant Bowman wrongfully claimed and received $12,348.52 in UI Benefits from USRRB to which he was not entitled.

23. Defendant Bowman converted the $12,348.52 in UI Benefits to his own personal use.

## FIRST CLAIM FOR RELIEF
Violation of the False Claims Act

24. The United States incorporates by reference and re-alleges herein the allegations set forth in paragraphs 1 to 23 above as if set forth fully herein.

25. This is a claim against Defendant Bowman for damages and civil penalties under the False Claims Act, 31 U.S.C. ¶ 3729(a)(1), later amended by the Fraud Enforcement and Recovery Act of 2009 ("FERA"), P.L. 111-21, for knowingly presenting or causing to present false or fraudulent claims to the United States.

26. By the acts described above, Defendant Bowman has presented or caused to be presented claims for payment to the United States knowing such claims were false, fictitious, or

7

fraudulent, and/or with reckless disregard or deliberate ignorance of the truth or falsity of the claims.

27. Each of the twenty (20) Form UI-3 signed and submitted by Defendant Bowman for the benefit periods during which he was actually employed constitutes a false claim.

28. The United States sustained damages as a result of Defendant Bowman's false, fictitious, or fraudulent claims.

29. By virtue of the false, fraudulent, and fictitious claims presented or caused to be presented by Defendant Bowman, the United States is entitled to three times the amount by which it was damaged, or $37,045.56, plus a civil penalty as authorized by law of not less than approximately $11,181.00 and not more than approximately $22,363.00 for each of the twenty (20) false claims presented.

### SECOND CLAIM FOR RELIEF
Payment by Mistake of Fact

30. The United States incorporates by reference and re-alleges herein the allegations set forth in paragraphs 1 to 29 as if set forth herein.

31. This is a claim for recovery of moneys paid to Defendant Bowman under mistake of fact.

32. Defendant Bowman received $12,348.52 in USRRB UI Benefits while he was employed by and receiving compensation from ARB Company.

33. Defendant Bowman false, fraudulent, and fictitious claims asserting that he was unemployed during this period were material in that the United States would not have paid the $12,348.52 in USRRB UI Benefits if it had known he was employed by ARB Company.

34. Defendant Bowman false, fraudulent, and fictitious claims asserting that he was unemployed during this period caused the USRRC to pay $12,348.52 in USRRB UI Benefits to

8

which defendant Bowman was not entitled. Had USRRB known of Defendant Bowman's employment with ARB Company, USRRB would have terminated Defendant Bowman's unemployment insurance benefits on the grounds that he was not eligible for such benefits.

35. Because of this mistake, Defendant Bowman received monies to which he was not entitled.

36. By reason of the overpayments described above, the United States is entitled to damages in the amount of $12,348.52.

### THIRD CAUSE OF ACTION
Unjust Enrichment/Restitution

37. The United States incorporates by reference and re-alleges herein the allegations set forth in paragraphs 1 to 36 as if set forth herein.

38. Defendant Bowman wrongfully received and accepted $12,348.52 in USRRB unemployment insurance benefits.

39. Defendant Bowman was unjustly enriched to the detriment of the United States with respect to payments totaling $12,348.52 in USRRB unemployment insurance benefits that the United States paid to Defendant Bowman.

40. These are monies that Defendant Bowman in good conscience should not be allowed to retain.

41. By reason of the overpayments described above, the United States is entitled to recover $12,348.52.

### FOURTH CAUSE OF ACTION
Conversion

42. The United States incorporates by reference and re-alleges herein the allegations set forth in paragraphs 1 to 41 as if set forth herein.

43. Defendant Bowman wrongfully received and accepted $12,348.52 in USRRB unemployment insurance benefits.

44. Defendant Bowman made the unauthorized assumption and exercise of ownership over $12,348.52 in USRRB unemployment benefits belonging to the United States by converting it to his own benefit to the exclusion of the United States' rights.

45. Defendant Bowman was not authorized the $12,348.52 and by accepting payment, continuing to certify his entitlement to such payments, and other actions he assumed and exercised unauthorized ownership of the $12,348.52 USRRB unemployment benefits to which he had no lawful claim. He did so by converting the property of the United States to his own personal use, thereby altering its condition and/or excluding the United States to moneys rightfully belonging to the United States.

46. By reason of the overpayments described above, the United States is entitled to recover $12,348.52 in USRRB unemployment insurance benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays for relief as follows:

1. On the First Claim for Relief (Violation of the False Claims Act), judgment against Defendant Bowman in treble the amount of damages to the United States, or $37,045.56, plus civil penalties as are allowable by law of not less than approximately $11,181.00 and not more than approximately $22,363.00 for each of the twenty (20) false claims presented.

2. On the Second Claim for Relief (Payment by Mistake of Fact), judgment against Defendant Bowman in the amount of $12,348.52, plus pre-judgment interest, costs, and other appropriate relief.

3. On the Third Claim for Relief (Unjust Enrichment), judgment against Defendant Bowman in the amount of $12,348.52, plus pre-judgment interest, costs, and other appropriate relief.

4. On the Fourth Claim for Relief (Conversion), judgment against Defendant Bowman in the amount of $12,348.52, plus pre-judgment interest, costs, and other appropriate relief.

5. All other legal and equitable relief that the Court finds to be just and proper.

Respectfully submitted this 29th day of October, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

s/Gill P. Beck
GILL P. BECK
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION
State Bar No. 13175
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
(828) 271-4661
gill.beck@usdoj.gov